**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**LEWIS GIBSON,**
Reg. #25719-076                                                                  **PETITIONER**

VS.                          CASE NO. 2:16-CV-122-DPM-BD

UNITED STATES OF AMERICA                                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

I.  **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr.  Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

II.  **Introduction**

Lewis Gibson filed this petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Docket entry #1)  He has not paid the filing fee or moved for leave to proceed *in forma pauperis*.

In the petition, Mr. Gibson challenges a federal sentence he received in the United States District Court for the Western District of Tennessee. *United States v. Gibson*, Case No. 2:13CR20052-01-STA (W.D. Tenn. Jan. 17, 2014). For reasons explained in this Recommendation, the Court will recommend that Judge Marshall transfer the Petition to the sentencing court.

### III.     Background

On January 17, 2014, a federal judge in the Western District of Tennessee sentenced Mr. Gibson to a 210-month term of imprisonment after he pleaded guilty to drug and firearm offenses.[1] *Id*. at docket entry #41. Mr. Gibson did not appeal his conviction or sentence. Instead, he filed a motion for a sentence reduction, which the sentencing court denied. *Id*. at docket entry #49.

On September 9, 2016, Mr. Gibson filed a "pro se motion to review the case" with the Tennessee court. *Id*. at docket entry #50. That motion is still pending. Three days later, Mr. Gibson filed this pending petition under 28 U.S.C. § 2241. Mr. Gibson raises the same issue in both his pro se motion with the sentencing court and his pending habeas petition in this Court. Even if Mr. Gibson's claims have merit, it is the sentencing court, not this Court, that should consider the petition.

---

[1] Mr. Gibson is currently serving his sentence at the Federal Correctional Institution in Forrest City, Arkansas.

**IV.     Discussion**

This Court is without jurisdiction to hear Mr. Gibson's habeas corpus petition. A challenge to the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)); accord *Alevras v. Snyder*, No. 99-2467, 1999 WL 1059831 (8th Cir. Nov.16, 1999). Because Mr. Gibson's claim is a challenge to his sentence, it can be brought only in the Western District of Tennessee.

This Court would generally recommend dismissal of a petition where there is no jurisdiction. But instead of dismissal, Judge Marshall should transfer this petition to the Western District of Tennessee.

Under 28 U.S.C. § 1631, a court that lacks jurisdiction over a civil case still can transfer the case to a court where the action could have been filed, "if it is in the interest of justice" to do so. The Western District of Tennessee has jurisdiction to address the merits of the pending petition. 28 U.S.C. § 2255. Because Mr. Gibson has a pending motion in the sentencing court addressing the same issue raised in this petition, dismissal of this petition could further complicate Mr. Gibson's ability to file a habeas petition within the statute of limitations.

V.  **Conclusion**

The Court recommends that Judge Marshall transfer Lewis Gibson's Petition for Writ of Habeas Corpus (#1) to the Western District of Tennessee.

DATED this 16th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE